# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RICKY YANG,<br><br>            Plaintiff,<br><br>     v.<br><br>SPRING OAKS CAPITAL, LLC, et al.,<br><br>            Defendants. | **Case No. 1: 24-cv-00450-KES-SAB**<br><br>**SCHEDULING ORDER (Fed. R. Civ. P. 16)**<br><br>**Discovery Deadlines:**<br>     Initial Disclosures: October 3, 2024<br>     Non-Expert Discovery: April 18, 2025<br>     Expert Disclosure: May 16, 2025<br>     Rebuttal Expert Disclosure: June 13, 2025<br>     Expert Discovery: July 25, 2025<br><br>**Dispositive Motion Deadlines:**<br>     Filing: August 29, 2025<br>     Hearing: Pursuant to Local Rules<br><br>**Pre-Trial Conference:**<br>     December 15, 2025 at 1:30 PM<br>     Courtroom 6<br><br>**Trial:** March 3, 2026 at 9:00 AM<br>     Courtroom 6<br>     Jury Trial - 2-3 Days |

**I.     Date of Scheduling Conference**

The Scheduling Conference was held on **October 10, 2024**.

**II.     Appearances of Counsel**

Ely Grinvald appeared by video on behalf of Plaintiff.

Brett Goodman appeared by video on behalf of Defendants.

### III. Consent to Magistrate Judge

Pursuant to 28 U.S.C. § 636(c), to the parties who have not consented to conduct all further proceedings in this case, including trial, before United States Magistrate Judge Stanley A. Boone, you should be informed that because of the pressing workload of United States district judges and the priority of criminal cases under the United States Constitution, you may consent to magistrate judge jurisdiction in an effort to have your case adjudicated in a timely and cost effective manner. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

### IV. Initial Disclosure under Fed. R. Civ. P. 26(a)(1)

Initial disclosures required by Fed. R. Civ. P. 26(a)(1) have been completed.

### V. Amendments to Pleading

The parties do not anticipate any amendments to the pleadings at this time. The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary. All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see* Foman v. Davis, 371 U.S. 178, 182 (1962).

### VI. Discovery Plan and Cut-Off Dates

The parties are ordered to complete all non-expert discovery on or before **April 18, 2025** and all expert discovery on or before **July 25, 2025**.

The parties are directed to disclose all expert witnesses, in writing, on or before **May 16, 2025** and to disclose all rebuttal experts on or before **June 13, 2025**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B) and (C) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence

offered through the experts that are not properly disclosed in compliance with this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and the exclusion of their testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

The parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

### VII. Pre-Trial Motion Schedule

Unless prior leave of Court is obtained at least seven (7) days before the filing date, all moving and opposition briefs or legal memorandum in civil cases shall not exceed twenty-five (25) pages. Reply briefs filed by moving parties shall not exceed ten (10) pages. Before scheduling any motion, the parties must comply with all requirements set forth in Local Rule 230 and 251.

#### A. Non-Dispositive Pre-Trial Motions

As noted, all non-expert discovery, including motions to compel, shall be completed no later than **April 18, 2025**. All expert discovery, including motions to compel, shall be completed no later than **July 25, 2025**. Compliance with these discovery cutoffs requires motions to compel

3

be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely. Non-dispositive motions are heard on Wednesdays at 10:00 a.m., before Judge Stanley A. Boone in Courtroom 9.

In scheduling any non-dispositive motion, the Magistrate Judge may grant Applications for an Order Shortening Time pursuant to Local Rule 144(e). However, if counsel does not obtain an Order Shortening Time, the Notice of Motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by video, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than three (3) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone, then it shall be the obligation of the moving party(ies) to arrange and originate a conference call to the court.

***Discovery Disputes:*** If a motion is brought under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") as required by Local Rule 251. The Joint Statement must be filed fourteen (14) calendar days before the scheduled hearing date. Courtesy copies of all motion-related documents, declarations, and exhibits must be delivered to the Clerk's Office by 10:00 a.m. on the fourth court day prior to the scheduled hearing date. Motions will be removed from the court's hearing calendar if the Joint Statement is not timely filed or if courtesy copies are not timely delivered. In order to satisfy the meet and confer requirement set forth in Local Rule 251(b), the parties must confer and talk to each other in person, over the telephone or via video conferencing before the hearing about the discovery dispute. The Court may issue sanctions against the moving party or the opposing party if either party fails to meet and confer in good faith.

**B.    Dispositive Pre-Trial Motions**

All dispositive pre-trial motions shall be filed no later than **August 29, 2025** and heard pursuant to the Local Rules in Courtroom 6 before United States District Judge Kirk E. Sherriff. In scheduling such motions, counsel shall comply with **Fed. R. Civ. P 56 and Local Rules 230**

**and 260**.

*Motions for Summary Judgment or Summary Adjudication:* Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a Joint Statement of Undisputed Facts.

The moving party shall initiate the meeting and provide a draft of the Joint Statement of Undisputed Facts.  **In addition to the requirements of Local Rule 260, the moving party shall file a Joint Statement of Undisputed Facts.**

In the Notice of Motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

### VIII.   Pre-Trial Conference Date

The Pre-Trial conference is set for **December 15, 2025 at 1:30 PM in Courtroom 6** before United States District Judge Kirk E. Sherriff.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2).** The parties are further directed to submit a digital copy of their Pretrial Statement in Word format, directly to District Judge Kirk E. Sherriff's chambers by email at KESorders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules, the Joint Pretrial Statement shall include a Joint Statement of the Case to be used by the Court to explain the nature of the case to the jury during voir dire.

### IX.   Trial Date

Trial is set for **March 3, 2026 at 9:00 AM in Courtroom 6** before United States District Judge Kirk E. Sherriff.

A. This is a jury trial.

B. Counsels' Estimate of Trial Time: 2-3 Days.

C. Counsels' attention is directed to Local Rule 285 for the Eastern District of California.

**X.     Settlement Conference**

Should the parties desire a settlement conference, they will jointly request one of the court, and one will be arranged. In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**XI.     Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**XII.     Related Matters Pending**

There are no pending related matters.

**XIII.     Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.

Additional requirements and more detailed procedures for courtroom practice before Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB). In the area entitled "Case Management Procedures," there is a link to "Standard Information." All parties and counsel shall comply with the guidelines set forth therein.

### XIV. Newer Admitted Attorneys and Motions before Judge Boone

The Court reviews motions set for hearing and makes a determination whether to vacate the hearing if the Court deems oral argument is unnecessary. See L.R. 230(g). Recognizing the value and importance of training attorneys, for a motion set or to be set for hearing, the Court encourages the parties to consider assigning the oral argument to an attorney with seven (7) years or less experience out of law school. If any party provides notification that such an attorney from at least one side will argue the motion, the Court will go forward with the hearing as scheduled. The parties shall place such notification within a separately entitled section after the conclusion of the motion, opposition, or reply briefing. If no party provides such notice, the hearing may be vacated without further notice.

### XV. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.**

**Lastly, should counsel or a party appearing pro se fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**

IT IS SO ORDERED.

Dated:   **October 10, 2024**

UNITED STATES MAGISTRATE JUDGE